IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAMMY GESSEL, | ) | CV F 00-6089 AWI HBG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION |
| | ) | FOR CERTIFICATE OF |
| v. | ) | APPEALABILITY |
| | ) | |
| GLORIA HENRY, WARDEN, | ) | (Document #27) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court.   On February 15, 2002, the court adopted the Magistrate Judge's Findings and Recommendations and dismissed the habeas corpus petition because it contained unexhausted claims.   On February 15, 2002, the Clerk of the Court entered judgment.  On December 3, 2002, Petitioner filed a new petition, referencing the case number for this action.   On January 10, 2003, the Magistrate Judge ordered Petitioner's petition to be filed in a new action, which was given the case number CV-F-03-5049 OWW DLB HC.

On May 16, 2005, Petitioner filed a motion for a certificate of appealability in this action. The controlling statute for certificates of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may

not be taken to the court of appeals from–
 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
 (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a habeas corpus petition on procedural grounds, as the court did in this action, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  In the present case, the court finds that reasonable jurists would not disagree with the court's determination that the petition filed in this action contained unexhausted claims.

        In addition, Petitioner has filed her request for a certificate of appealability too late. Judgement was entered in this action over two years ago.   Petitioner has not complied with Rule 4 of the Federal Rules of Appellate Procedure in timely filing a notice of appeal.   If Petitioner desires to appeal the action taken by the court in case CV-F-03-5049 OWW DLB HC, Petitioner must file a request for a certificate of appealability referencing this case number.

        Accordingly, the court hereby ORDERS that Petitioner's request for a certificate of appealability is DENIED.


IT IS SO ORDERED.

**Dated:    May 18, 2005**            _____ **/s/ Anthony W. Ishii** _____
0m8i78                               UNITED STATES DISTRICT JUDGE

2